PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 04 2000
THOMAS K. KAHN
CLERK

-----------------------------------------

No. 98-5227

-----------------------------------------

D. C. Docket No. 96-08205-CV-KLR

WILLIE PRIESTER,

Plaintiff-Appellant,
Cross-Appellee,

versus

CITY OF RIVIERA BEACH, FLORIDA,
JERRY PEREBA, JOE DOE, Police Sergeant,
W. CUSHING, Sergeant,

Defendants-Appellees,

J. A. WHEELER, Officer,

Defendant-Appellee-
Cross-Appellant.

----------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(April 4, 2000)**

Before EDMONDSON and BARKETT, Circuit Judges, and COHILL*, Senior District Judge.

EDMONDSON, Circuit Judge:

This appeal is chiefly about qualified immunity and the deference due the implicit fact findings contained in a jury verdict.

After he was bitten by a police dog, Plaintiff filed suit against two Riviera Beach Police Officers, Sergeant William Cushing and Officer James Wheeler, alleging many claims under both state and federal law. Only two of Plaintiff's claims were submitted to the jury: (1) a claim against Defendant Wheeler under 42 U.S.C. § 1983 alleging that Wheeler used excessive force against Plaintiff in violation of the Fourth Amendment to the United States Constitution and (2) an identical claim against Defendant Cushing. The jury returned a verdict in favor of Plaintiff and awarded him $5,000 in compensatory damages payable jointly and severally by Cushing and Wheeler, $10,000 in punitive damages against Cushing, and $10,000 in punitive damages against Wheeler.

_____

*Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

Defendants moved for judgment as a matter of law and, in the alternative, for a new trial. The district court denied Defendants' motion for a new trial, denied

2

Defendant Wheeler's motion for judgment as a matter of law, and granted Defendant Cushing's motion for judgment as a matter of law. Both sides appealed. We affirm the district court's judgment, except that we vacate the grant of Defendant Cushing's renewed motion for judgment as a matter of law.

BACKGROUND

Just before midnight on 22 February 1994, Defendant Cushing responded to a burglar alarm at a store in Riviera Beach, Florida. Upon arrival, Sergeant Cushing saw that the store had been burglarized and saw footprints leading away from the store. Cushing called for a canine unit to track the scent.

Defendant Wheeler and his dog responded to Cushing's call.[1] The dog, who was at the end of Wheeler's 12-foot leash, began following the scent into the woods. Cushing and Wheeler followed. About twenty minutes later, the dog led the officers to a canal where Plaintiff was hiding.[2]

_____

[1]Officer Wheeler's dog was a ninety-four pound German Shepherd that was approximately four years old.

[2] What happened after this point was sharply disputed at trial. Although we acknowledge that Defendants contested Plaintiff's version of the facts, we only recite Plaintiff's version because, when reviewing the grant or denial of a motion for judgment as a matter of law, we consider all the evidence and the inferences drawn therefrom de novo in the light most favorable to the non-movant. See Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989). We must determine if Plaintiff

Plaintiff, at trial, testified that he was not involved with the burglary of the store but instead was looking for a pay phone after his car broke down. Two men standing by a bridge over a canal offered him a beer. Plaintiff and the two men began to walk along the canal to drink their beer out of public view. When the two men saw the police officers approaching, they ran away. Because he was on parole and had been drinking, Plaintiff hid from the police in the bottom of the canal.

Plaintiff testified that Officer Wheeler and the dog did not see him initially. They stepped over and walked past him while he was lying in the canal. When Sergeant Cushing shined his light on Plaintiff and asked Wheeler: "What's this down here, a golf bag?," Plaintiff voluntarily stood up, said nothing, and put his hands in the air. Wheeler then told Plaintiff to lie down on the ground. Plaintiff asked why. Wheeler said that Plaintiff should either lie down or Wheeler would release the dog on him. Plaintiff did lie down, but then Wheeler ordered the dog to attack him anyway. When Plaintiff kicked the dog to stop the dog from biting him, Wheeler let go of the dog's leash, drew his gun, pointed it at Plaintiff's head and said: "You kick him again, I will blow your mother fucking brains out." Although Plaintiff was

---

presented substantial evidence such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions. If so, then the motion for judgment as a matter of law should have been denied. In making this determination we do not weigh evidence or make credibility determinations. See Berman v. Orkin Exterminating Co., 160 F.3d 697, 701 (11th Cir. 1998).

begging that the dog be called off, both Defendants stood and watched "for an eternity" while the dog continued to attack and to bite Plaintiff on both legs.

Plaintiff then testified that the dog's bites resulted in a total of fourteen puncture wounds on both of his legs. Plaintiff showed his legs to the jury and pointed out the individual puncture wounds that he said he received as a result of the incident.

The jury believed Plaintiff and found that Cushing and Wheeler were liable for using excessive force.

DISCUSSION

A. Judgment as a Matter of Law - Sufficiency of the Evidence

1. Defendant Wheeler

Wheeler argues that he was entitled to judgment as a matter of law on Plaintiff's excessive force claim. We disagree.

To be entitled to judgment as a matter of law, Wheeler must show that Plaintiff failed to produce substantial evidence such that a reasonable jury could find that the amount of force used to arrest Plaintiff was unreasonable and thus a violation of the Fourth Amendment's prohibition on the use of excessive force by law enforcement

5

officers.  See Graham v. Connor, 109 S.Ct. 1865, 1871 (1989)("[A]ll claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]").  Whether the amount of force used was reasonable is determined objectively "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 1872.

The evidence in this case presented the case as one of black or white: one side's version must be absolutely false and the other side's version must be absolutely true.  Plaintiff's testimony was directly contradictory to Defendants' testimony about what happened.  On Plaintiff's version of the facts, a reasonable jury could conclude that Wheeler used an objectively unreasonable amount of force and violated Plaintiff's Fourth Amendment rights.  Therefore, the denial of Wheeler's motion for judgment as a matter of law was not error.


2.    Defendant Cushing

6

We next address whether the district court erred in granting Sergeant Cushing's motion for judgment as a matter of law. As the district court correctly noted, Plaintiff presented no evidence that Sergeant Cushing ordered or otherwise actively participated in Wheeler's use of excessive force. Therefore, Cushing's liability arises, if at all, from his failure to intervene.

We have previously said that an officer can be liable for failing to intervene when another officer uses excessive force. See Ensley v. Soper, 142 F.3d 1402, 1407-08 (11th Cir. 1998) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable[.]"); see also Riley v. Newton, 94 F.3d 632, 635 (11th Cir. 1996); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1441-42 (11th Cir. 1985). This liability, however, only arises when the officer is in a position to intervene and fails to do so. See Ensley, 142 F.3d at 1407 ("[F]or an officer to be liable for failing to stop police brutality, the officer must be in a position to intervene[.]").

As applied to this case, Cushing was only entitled to judgment as a matter of law if he showed that Plaintiff failed to present substantial evidence that would allow

a reasonable jury to find that Defendant Cushing had the opportunity to intervene in Wheeler's use of excessive force and that Cushing failed to do so.

In reaching the conclusion that Cushing was entitled to judgment as a matter of law, it appears that the district court mistakenly relied upon Defendants' version of the facts, rather than Plaintiff's version of the facts, as it was required to do. The district court said "[the dog] bit Priester once or twice" and "both Cushing and Wheeler immediately commanded Priester to put his hands up and stop resisting the police dog so that the dog could release his hold." But, it was Defendants' testimony -- not Plaintiff's -- that the dog only bit Plaintiff once or twice. And, it was Defendants' testimony -- not Plaintiff's -- that, when the dog bit Plaintiff, they immediately commanded Plaintiff to put his hands up and stop resisting.

The district court also said that "the events happened very quickly." But, Plaintiff testified that the dog attacked him for "more than an eternity." And, although Wheeler testified that the incident may have lasted for only 5 or 10 seconds, Sergeant Cushing admitted on cross-examination that the dog's attack on Plaintiff may have lasted as long as two minutes. Two minutes was long enough for a reasonable jury to conclude that Sergeant Cushing had time to intervene and to order Wheeler to restrain the dog. And, because Cushing stood on top of the canal with his flashlight on the scene and watched the entire event and was in voice contact with Wheeler, this

8

case is distinguishable from those cases where an officer who failed to intervene was found not liable because he did not observe the violation or have the opportunity to intervene. E.g., Ensley, 142 F.3d at 1407-08; Riley, 94 F.3d at 635. The grant of judgment as a matter of law for Defendant Cushing was error.

B.      Judgment as a Matter of Law - Qualified Immunity

1.      Standard of Review

Defendants next argue that they are entitled to judgment as a matter of law based on qualified immunity grounds. We disagree.

Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982). The standard of objective reasonableness which is used to assess an officer's entitlement to qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." See Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986).

When, as here, the affirmative defense of qualified immunity has been properly pled and preserved by a Fed. R. Civ. P. 50 motion, a defendant is entitled to renew a motion for judgment as a matter of law on the basis of qualified immunity.[3] See Cottrell v. Caldwell, 85 F.3d 1480, 1487-88 (11th Cir. 1996); Adams v. St. Lucie County Sheriff's Dep't, 962 F.2d 1563, 1578-79 (11th Cir. 1992)(Edmondson, J., dissenting), approved en banc, 998 F.2d 923 (11th Cir. 1993); Barts v. Joyner, 865 F.2d 1187, 1189-90 (11th Cir. 1989).

Once a public official proves that he was acting within the scope of his discretionary authority,[4] the plaintiff must demonstrate that the official's acts, at the time they were taken, violated clearly established federal statutory or constitutional

---

[3]When we review a district court's denial of a defendant's motion for summary judgment on qualified immunity grounds, we take the "facts" in the light most favorable to the plaintiff and determine the legal issue of whether the plaintiff's "facts", if proven, show that the defendant violated clearly established law. See Kelly v. Curtis, 21 F.3d 1544, 1546 (11th Cir. 1994). We, however, have repeatedly stressed that the "facts", as accepted at the summary judgment stage of the proceedings, may not be the "actual" facts of the case. For that reason, we have said that, when necessary, a district court, at a trial, can "use special verdicts or written interrogatories to the jury to resolve disputed facts before the judge rules on the qualified immunity question." See Cottrell v. Caldwell, 85 F.3d 1480, 1487 (11th Cir. 1996) (quoting Kelly, 21 F.3d at 1546-47).

This case was fully tried. Here, Defendants did not request, nor did the court use, a special verdict or written interrogatories. Therefore, we must resolve all disputed factual issues for the question of qualified immunity by viewing the evidence in the light most favorable to Plaintiff. See Iocobucci v. Boulter, 193 F.3d 14, 23 (1st Cir. 1999)("When a qualified immunity defense is pressed after a jury verdict, the evidence must be construed in the light most hospitable to the party that prevailed at trial."); see also Frazell v. Flanigan, 102 F.3d 877, 886 (7th Cir. 1996) (court bound by jury's determination of disputed facts); Acosta v. City and County of San Francisco, 83 F.3d 1143, 1147 (9th Cir. 1996) (court bound by jury's implicit fact findings as discernible from verdict).

[4]The parties do not dispute that Wheeler and Cushing were acting within their discretionary authority.

10

rights of which a reasonable person would have known. <u>See Harlow</u>, 102 S. Ct. at 2738; <u>Lassiter v. Alabama A&M Univ.</u>, 28 F.3d 1146, 1149-50 & n.3 (11th Cir. 1994) (en banc). For the law to be "clearly established," case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law. <u>See Lassiter</u>, 28 F.3d at 1149 (citing <u>Anderson v. Creighton</u>, 107 S. Ct. 3034, 3039 (1987)). We have said many times that "if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." <u>Smith v. Mattox</u>, 127 F.3d 1416, 1419 (11th Cir. 1997) (and cases cited therein). In the context of Fourth Amendment excessive force claims, we have noted that generally no bright line exists for identifying when force is excessive; we have therefore concluded that unless a controlling and materially similar case declares the official's conduct unconstitutional, a defendant is usually entitled to qualified immunity. <u>See id.</u>

A narrow exception exists to the rule requiring particularized case law to establish clearly the law in excessive force cases. When an excessive force plaintiff shows "that the official's conduct lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw," the official is not entitled to the defense

11

of qualified immunity. Id.; see also United States v. Lanier, 117 S. Ct. 1219, 1227-28 (1997) ("[t]he easiest cases don't even arise. There has never been ... a section 1983 case accusing welfare officials of selling foster children into slavery; it does not follow that if such a case arose, the officials would be immune from damages [or criminal] liability.")(citations omitted); McDonald v. Haskins, 966 F.2d 292, 295 (7th Cir. 1992)("It would create perverse incentives indeed if a qualified immunity defense could succeed against those types of claims that have not previously arisen because the behavior alleged is so egregious that no like case is on the books.").

To come within the narrow exception, a plaintiff must show that the official's conduct "was so far beyond the hazy border between excessive and acceptable force that [the official] had to know he was violating the Constitution even without caselaw on point." See Smith, 127 F.3d at 1419. This test entails determining whether "application of the [excessive force] standard would inevitably lead every reasonable officer in [the Defendants'] position to conclude the force was unlawful." See Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993), as amended, 14 F.3d 583 (11th Cir. 1994); see also Jones v. City of Dothan, 121 F.3d 1456, 1460 (11th Cir. 1997).

Under both the general rule and its narrow exception, therefore, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question

about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances" for qualified immunity to be unavailable to a defendant.  See Lassiter, 28 F.3d at 1150.

2.    Defendant Wheeler

Although the clearly-excessive-even-in-absence-of-case-law standard is a difficult one to meet, we think that, on the facts of this case, the law was clearly established in February 1994 (the date that this incident occurred) that what Defendant Wheeler did violated Plaintiff's constitutional rights.  The Defendants' version of the facts and Plaintiff's version were not similar, but were sharply at odds on almost every important point.  The jury accepted Plaintiff's version.  Nothing blurs the picture.  Cf. Post v. City of Fort Lauderdale, 7 F.3d at 1558 (evidence allowed possibility of a mistaken but reasonable view of facts by the police).

Plaintiff was a suspect in the burglary of a golf shop.  Approximately $20 of snacks and crackers were stolen.  When the police discovered Plaintiff, he submitted immediately to the police.  When ordered by Defendant Wheeler to get down on the ground, Plaintiff complied.  There was no confusion.  Plaintiff did not pose a threat of bodily harm to the officers or to anyone else.  And, he was not attempting to flee

or to resist arrest. On Plaintiff's version of the facts, which we must accept, Defendant Wheeler ordered and allowed his dog to attack and bite Plaintiff; threatened to kill Plaintiff when Plaintiff kicked the dog in an effort to resist the unprovoked attack; and let the dog attack Plaintiff for at least two minutes. Considering these facts, no particularized preexisting case law was necessary for it to be clearly established that what Defendant Wheeler did violated Plaintiff's constitutional right to be free from the excessive use of force. No reasonable police officer could believe that this force was permissible given these straightforward circumstances.

3.      Defendant Cushing

Nor do we think particularized case law is necessary to overcome Defendant Cushing's claim of qualified immunity. That a police officer had a duty to intervene when he witnessed the use of excessive force and had the ability to intervene was clearly established in February 1994. See Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983."); see also Post, 7 F.3d at 1560 ("A police officer has the duty to intervene when another officer uses

excessive force."); <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436, 1441-42 (11th Cir. 1985); <u>Harris v. Chanclor</u>, 537 F.2d 203, 206 (5th Cir. 1976). When we defer to the jury's implicit fact finding, the excessive force in this case was obvious and was such that every reasonable officer would have known that it was clearly in violation of Priester's constitutional rights. Cushing observed the entire attack and had the time and ability to intervene, but he did nothing. No particularized case law was necessary for a reasonable police officer to know that, on the facts of this case and given that the duty to intervene was clearly established, he should have intervened.[5]

Considering that the law on excessive force and on the duty to intervene under these circumstances was clearly established, we accept that no reasonable officer would believe that either the amount of force used in these circumstances or the failure to intervene was objectively reasonable. Therefore, Defendants are not entitled to judgment as a matter of law on the grounds of qualified immunity.[6]

CONCLUSION

---

[5]Cushing himself testified that an attack like Plaintiff described "would definitely be a violation and I would immediately try to stop it and report it to a higher authority."

[6]We do not decide today that qualified immunity could never protect a defendant that a jury has found used excessive force. We simply say that, on these facts, no reasonable officer could have concluded that the amount of force used was reasonable.

We conclude that the evidence was sufficient for the jury to find that Defendant Wheeler is liable for the use of excessive force and that Defendant Cushing is liable for failing to intervene. And, we conclude that neither Defendant was entitled to qualified immunity. Therefore, the district court erred in granting Defendant Cushing's motion for judgment as a matter of law. We vacate that portion of the court's judgment and remand with instructions to reinstate the jury's verdict. The rest of the district court's judgment is affirmed.[7]

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

---

[7]Defendants also appeal the denial of their motion for a new trial. Because we find no abuse of discretion, we affirm.