[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14410
Non-Argument Calendar
_____

D. C. Docket No. 03-62153-CV-WPD

HENRY J. LAFAVORS,

Plaintiff-Appellant,

versus

KEN JENNE,
et. al.,

Defendants,

DANIEL OLARTE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 2, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Henry Lafavors appeals the district court's grant of Defendant/Appellee Deputy Daniel Olarte's Amended Motion for Judgment as a Matter of Law which reversed a jury verdict against Olarte for Lafavors' claim under 42 U.S.C. § 1983. The jury had awarded Lafavors $5,000 in compensatory damages and $30,000 in punitive damages. Judgment as a matter of law was entered because the district court found that no constitutional violation occurred. The court held that even if a constitutional violation did occur, Olarte was entitled to qualified immunity.[1]

Although we normally review a district court's grant of judgment as a matter of law de novo, "when a district court enters judgment as a matter of law on the ground that a jury's answers to special interrogatories are consistent with each other but inconsistent with a general verdict, we review only for an abuse of discretion." *Wilbur v. Corr. Servs. Corp.* 393 F.3d 1192, 1199-200 (11th Cir. 2004) (internal citations omitted).

We agree with the district court that Olarte did not violate any of Lafavors' constitutional rights in arresting him. To determine whether a constitutional violation occurred, we consider the following factors: (1) the underlying crime's

---

[1]Lafavors sued several other officers involved as well, but the jury only delivered a verdict in Lafavors' favor against Olarte.

severity; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resists arrest or attempts to flee. *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989).

Looking at the first factor, the officers arrested Lafavors on twelve outstanding felony warrants. Although the warrants were not for violent crimes, felonies in Florida carry minimum sentences of one year, indicating significant potential imprisonment. *See* Fla. Stat. § 775.08. Twelve felony warrants certainly qualify as sufficiently severe underlying crimes to justify the use of force in apprehending the suspect.

As for the second factor, the jury found in its interrogatory that Lafavors resisted arrest when the police dog bit him and that the dog bit Lafavors before he was placed in handcuffs (i.e., before the arrest was completed). But the jury also found that Olarte gave Lafavors a warning and an opportunity to surrender before using the dog, and Lafavors did not surrender. Because of Lafavors' resistance as well as his imposing physical stature (6'1" in height and 240 lbs.), Olarte could have reasonably believed that Lafavors posed a threat to the officers justifying the use of the dog. *See Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1553 (11th Cir. 1989).

As to the third factor, while the jury found that Lafavors did not attempt to escape during the arrest, knowledge of his previous escape attempts, combined with his resistance to the arrest, supports the conclusion that there was sufficient resistance and risk of flight to warrant employing the dog. In light of these jury-determined facts, we find that the force used was reasonable as a matter of law, and the court correctly reversed the general verdict finding otherwise.

We agree with the district court that, even if a constitutional violation did occur, Olarte is entitled to qualified immunity. Olarte was clearly acting within his discretionary authority when he arrested Lafavors. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Assuming that being bitten by a police dog while resisting arrest violates a constitutional right, Lafavors cannot show that this right was clearly established at the time of his arrest. The closest cases that a plaintiff might rely upon in an effort to establish such a right merely hold that a police dog bite after a defendant has been subdued, surrendered, or has ceased resisting or fleeing would violate the suspect's constitutional rights. *Priester v. City of Riviera Beach*, 208 F.3d 919, 924-25 (11th Cir. 2000); *Kerr*, 875 F.2d at 1551-52.[2] These

---

[2]*Kerr* lends support to Lafavors' arguments, but it is distinguishable. In *Kerr*, one of the suspects, Uwaine Kerr, fled from the police when a patrolling officer shone his searchlight on Kerr. *Kerr*, 875 F.2d at 1552. Kerr, assuming he had evaded the officer, stopped to urinate on the side of a wall when the officer found him and ordered his dog to attack him. *Id*. The jury found that this use of the dog was not justified. *Id*. at 1548 n.5. Unlike Lafavors, however, Kerr was not being sought on multiple felony warrants and was not specifically resisting arrest at the moment the dog bit him.

4

cases do not establish that Olarte's split second decision about whether to employ the police dog on Lafavors who had not surrendered and was resisting arrest at the time violated Lafavors' constitutional rights.  Therefore, although we find that Olarte committed no constitutional violation, even if he did, he would have qualified immunity.

Accordingly the district court did not abuse its discretion in granting Olarte's Amended Motion for Judgment as a Matter of Law.

**AFFIRMED.**