**Juan VELAZQUEZ, Plaintiff–Appellant,**

v.

**CITY OF HIALEAH, a Municipal Corporation in Dade County, Florida, Raul Martinez, Rolando Bolanos, Police Chief, Kelvin Orlando Bostic, Barbaro Hernandez, Theresa Pearce, Sargeant, Defendants–Appellees.**

No. 05–13157.

United States Court of Appeals, Eleventh Circuit.

March 14, 2007.

Cullin Avram O'Brien, Florida Legal Services, Miami Beach, FL, for Velazquez.

Anne Catherine Sullivan, Gaebe, Mullen, Antonelli, Esco & Dimatteo, Coral Gables, FL, for Defendants–Appellees.

Before TJOFLAT, CARNES and
HILL, Circuit Judges.

PER CURIAM:

Juan Velazquez appeals the grant of
summary to the City of Hialeah (the
"City") on his claim for damages under 42
U.S.C. § 1983, alleging that two of its po-
lice officers used excessive force upon him
after he was handcuffed during his arrest
for driving under the influence. The dis-
trict court held that Velazquez could not
prove a "critical element of his case—i.e.,
which officer actually inflicted the injuries
he is claiming." Order Granting Motion
for Amendment of Judgment and Amend-
ing Order on Motions for Summary Judg-
ment at 5. As this conclusion is based
upon an erroneous view of the law, we
shall reverse.

■ The law of this circuit is that " 'an
officer who is present at the scene and who
fails to take reasonable steps to protect
the victim of another officer's use of exces-
sive force, can be held liable for his non-
feasance.' " *Skrtich v. Thornton,* 280 F.3d
1295, 1302 (11th Cir.2002) (quoting *Fundil-
ler v. Cooper City,* 777 F.2d 1436, 1441–42
(11th Cir.1985)); *Priester v. City of Rivi-
era Beach, Fla.,* 208 F.3d 919, 924 (11th
Cir.2000). Therefore, an officer who is
present at such a beating and fails to
intervene may be held liable though he
administered no blow. *Id.* Furthermore,
in *Skrtich,* we expressly rejected the argu-
ment that "the force administered by each
defendant in [a] collective beating must be
analyzed separately to determine which of
the defendants' blows, if any, used exces-
sive force." 280 F.3d at 1302. The City
of Hialeah concedes that this is the law.

Nonetheless, the district court agreed
with the City that it was entitled to sum-
mary judgment because Velazquez would
be unable at trial to prove the essential
element of his claim of excessive force—
that one or both officers beat him while he
was handcuffed. Apparently, the district
court agreed with the City that because
Velazquez did not see who beat him, if
anyone did, there would be no evidence at
trial from which a jury might assign liabili-
ty for the beating.

This is not the law. Were this the law,
all that police officers would have to do to
use excessive force on an arrestee without
fear of consequence would be to put a bag
over the arrestee's head and administer
the beating in silence.

■ Velazquez alleged that two officers
were present when he was subjected to a
beating while handcuffed. He has named
the two officers in his complaint. They
have admitted being present. Velazquez's
allegations, taken in the light most favor-
able to him, as we must on summary judg-
ment, create a triable issue of fact as to
whether one or both of the officers used
excessive force upon him, and whether one
or the other failed to intervene to stop the
use of such force. Velazquez's testimony
at trial that he was beaten is competent
evidence from which a jury may infer that
excessive force was used. His testimony
that two officers were present, coupled
with their admission that they were pres-
ent, permits the jury, if it believes that he
was beaten, to find that both of the officers
administered the excessive force or that
one beat him while the other failed to
intervene.[1]

The officers may testify that they did
not beat him. They may also testify that
because no excessive force was used, no
one failed to intervene. Their testimony is
competent evidence that permits the jury
to find that they did not use excessive
force. But, whether excessive force was

---

1. The City conceded at oral argument that no    officer reported any beating.

used in this case is an issue of fact for the jury to resolve. In view of Velazquez's proffered testimony, we may not resolve his claim of excessive force on summary judgment.

The district court's opinion rests on the flawed premise that if Velazquez cannot identify which officer beat him, if any did, or which officer failed to intervene, if any did, that there is *no* evidence from which a jury could reasonably infer that one or more of the officers present beat him and that if one did not beat him, then he failed to intervene in the beating. This is not so. Velazquez's testimony that he was beaten and that the two officers were present permits such an inference where the law prohibits both the beating and the failure to intervene.

The judgment of the district court is due to be reversed and the case is to be remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.