[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-13157

_____

D.C. Docket No. 04-20379-CV-STB

JUAN VELAZQUEZ,

                                        Plaintiff-Appellant,

                    versus

CITY OF HIALEAH,
a Municipal Corporation in Dade County,
Florida,
RAUL MARTINEZ,
ROLANDO BOLANOS, Police Chief,
KELVIN ORLANDO BOSTIC,
BARBARO HERNANDEZ,
THERESA PEARCE, Sargeant,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

ON PETITIONS FOR REHEARING

**(April 20, 2007)**

Before TJOFLAT, CARNES and HILL, Circuit Judges.

PER CURIAM:

The court has before it two petitions for rehearing, filed in the above-styled case. The first was filed by appellees City of Hialeah, Raul Martinez and Rolando Bolanos. The second was filed by appellees Kelvin Bostic, Barbaro Hernandez and Theresa Pearce. All appellees seek clarification of this court's opinion and order, dated March 14, 2007, reversing the district court's May 3, 2005 Final Summary Judgment Order, which disposed of all the motions for summary judgment filed by all defendants. In his Notice of Appeal, plaintiff did not identify which summary judgments he was appealing. His brief, however, stated and argued that the district court erred only as to the judgments awarded to defendants Bostic and Hernandez. Our opinion and reversal of the district court was, accordingly, limited to those judgments. Appellees, however, are concerned that the reversal might be misconstrued to reverse the grant of summary judgment to all defendants. Insofar as our opinion might be so misconstrued, we grant the petition for rehearing and substitute the corrected opinion attached hereto.

In addition, appellees Bostic and Hernandez seek reconsideration of the substance of our opinion, that they must answer to plaintiff's claim of excessive force. This request is denied.

2

Juan Velazquez appeals the grant of summary judgment to Officers Kelvin Bostic and Barbaro Hernandez on his claim for damages under 42 U.S.C. §1983, alleging that they used excessive force upon him after he was handcuffed during his arrest for driving under the influence. The district court held that Velazquez could not prove a "critical element of his case – i.e., which officer actually inflicted the injuries he is claiming." Order Granting Motion for Amendment of Judgment and Amending Order on Motions for Summary Judgment at 5. As this conclusion is based upon an erroneous view of the law, we shall reverse.

The law of this circuit is that "'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'" *Skirtch v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002) (quoting *Fundiller v. Cooper City*, 777 F.2d 1436, 1441-42 (11th Cir. 1985); *Priester v. City of Riviera Beach, Fla*., 208 F.3d 919, 924 (11th Cir. 2000). Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow. *Id.* Furthermore, in *Skirtch*, we expressly rejected the argument that "the force administered by each defendant in [a] collective beating must be analyzed separately to determine which of the defendants' blows , if any, used excessive

force." 280 F.3d. at 1302. The officers concede that this is the law.

Nonetheless, the district court agreed with Bostic and Hernandez that they were entitled to summary judgment because Velazquez would be unable at trial to prove the essential element of his claim of excessive force – that one or both officers beat him while he was handcuffed. Apparently, the district court agreed with the the officers that because Velazquez did not see who beat him, if anyone did, there would be no evidence at trial from which a jury might assign liability for the beating.

This is not the law. Were this the law, all that police officers would have to do to use excessive force on an arrestee without fear of consequence would be to put a bag over the arrestee's head and administer the beating in silence.

Velazquez alleged that two officers were present when he was subjected to a beating while handcuffed. He has named the two officers in his complaint. They have admitted being present. Velazquez's allegations, taken in the light most favorable to him, as we must on summary judgment, create a triable issue of fact as to whether one or both of the officers used excessive force upon him, and whether one or the other failed to intervene to stop the use of such force. Velazquez's testimony at trial that he was beaten is competent evidence from which a jury may infer that excessive force was used. His testimony that two

4

officers were present, coupled with their admission that they were present, permits the jury, if it believes that he was beaten, to find that both of the officers administered the excessive force or that one beat him while the other failed to intervene.[1]

The officers may testify that they did not beat him. They may also testify that because no excessive force was used, no one failed to intervene. Their testimony is competent evidence that permits the jury to find that they did not use excessive force. But, whether excessive force was used in this case is an issue of fact for the jury to resolve. In view of Velazquez's proffered testimony, the district court may not resolve his claim of excessive force on summary judgment.

The district court's opinion rests on the flawed premise that if Velazquez cannot identify which officer beat him, if any did, or which officer failed to intervene, if any did, that there is *no* evidence from which a jury could reasonably infer that one or more of the officers present beat him and that if one did not beat him, then he failed to intervene in the beating. This is not so. Velazquez's testimony that he was beaten after being handcuffed and that the two officers were present permits such an inference where the law prohibits both the beating and the failure to intervene.

---

[1]The City conceded at oral argument that no officer reported any beating.

The district court's grant of summary judgment to Bostic and Hernandez is due to be reversed and the case is to be remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.