FILED
United States Court of Appeals
Tenth Circuit

November 26, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERNIE J. SAVANNAH,

        Plaintiff-Appellee,

v.

BILL COLLINS,

        Defendant-Appellant,

and

ROBERT KNAB,

        Defendant.

No. 13-1245
(D.C. No. 1:12-CV-02403-RBJ-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

     Officer Bill Collins appeals from the district court's denial of his Federal Rule

of Civil Procedure 12(b)(6) motion to dismiss Ernie Savannah's 42 U.S.C. § 1983

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

civil rights complaint alleging that Officer Collins failed to intervene to stop excessive use of force during Mr. Savannah's arrest. In denying the motion to dismiss, the court rejected Officer Collins's asserted entitlement to qualified immunity. We reverse the denial of the motion to dismiss and remand with directions to grant the motion.

We accept as true Mr. Savannah's pro se factual assertions in his complaint[1] with respect to his excessive force claim against Officer Collins.[2] *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2079 (2011) (accepting as true factual allegations in complaint where case arose from motion to dismiss). Officer Collins arrived at the arrest scene first, drew his gun, and ordered Mr. Savannah, a robbery suspect, to lie face down on the ground. Mr. Savannah did so and did not resist arrest. Three to five minutes later, Officer Robert Knab and his police dog Zorro arrived, and Officer Knab deployed Zorro immediately without assessing the situation. Zorro first bit Mr. Savannah on the back of the head and under his right ear. Then Zorro jumped over him and bit him on the left side of the head at the top of the left ear, on his left-side jugular vein, and at the base of the left side of his neck.

---

[1]      We construe Mr. Savannah's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]      Mr. Savannah also asserted claims against various other defendants for improper housing in administrative segregation, failure to treat his injuries while in segregation, and harassing his family and friends. These dismissed claims are not at issue in this appeal. Nor does this appeal concern the excessive force claim asserted against Officer Robert Knab, and we express no opinion on the sufficiency of the allegations against him.

The magistrate judge directed Mr. Savannah to file an amended complaint complying with the pleading requirements of Federal Rule of Civil Procedure 8. Instead, Mr. Savannah filed a motion to add an addendum to his complaint consisting of the two officers' reports and the medical report from the hospital where he was treated after his arrest. The district court granted the motion and stated the three reports would amend the complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." (citations omitted)).

Officer Collins moved to dismiss the complaint. The magistrate judge recommended dismissal, finding no allegation that Officer Collins used any force against Mr. Savannah, much less excessive force; the allegation that Officer Collins failed to intervene and stop the excessive force was conclusory; and the allegations were insufficient to state a claim for excessive force. The district court rejected the recommendation, however, deciding, based on *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996), that Mr. Savannah's assertion that Officer Collins failed to intervene and stop the alleged excessive force used by Officer Knab through Zorro was sufficient to state a claim under § 1983. Additionally, the court decided that Officer Collins was not entitled to qualified immunity because Mr. Savannah asserted a violation of his Fourth Amendment rights and *Mick*, 76 F.3d at 1136, recognized clearly-established precedent since 1992 holding that an officer could be held liable

under § 1983 for failing to intervene when another officer used excessive force.

"We review the district court's denial of a motion to dismiss based on qualified immunity de novo." *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions are not accepted as true, however; instead, they must be supported by facts. *Id*. at 678-79.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "To survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

We have held that "[a]n officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (citing *Mick*, 76 F.3d at 1136); *see also Casey*

*v. City of Fed. Heights*, 509 F.3d 1278, 1283 (10th Cir. 2007) (stating first officer on scene has duty to keep arrest from getting out of hand). "This duty was clearly established law at the time of [Mr. Savannah's] arrest." *Fogarty*, 523 F.3d at 1162. But the officer must have had a realistic opportunity to intervene to prevent harm from occurring. *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008) (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2nd Cir. 1994)); *see also Lusby v. T.G. & Y. Stores, Inc.,* 749 F.2d 1423, 1433 (10th Cir. 1984) ("[A]lthough [officer] was not liable merely because he was present at the scene of a constitutional violation, . . . he may be liable if he had the opportunity to intervene but failed to do so."), *vacated on other grounds, City of Lawton v. Lusby*, 474 U.S. 805 (1985).

Mr. Savannah did not plead sufficient facts, taken as true, to state a claim against Officer Collins for failure to intervene to stop excessive use of force. *See Iqbal*, 556 U.S. at 666. The factual assertions do not plausibly suggest that Officer Collins had a realistic opportunity to intervene. Although Mr. Savannah asserts that Officer Collins should have stopped Zorro, he does not assert that Officer Collins could have stopped Zorro. Officer Collins did not deploy Zorro and there is no assertion that he had the ability to control the dog. Thus, Mr. Savannah only concludes, without factual support, that Officer Collins could have intervened during the attack by Zorro.

Nor does Mr. Savannah assert facts suggesting that Officer Collins had sufficient time to intervene. *Compare Thompson v. Boggs*, 33 F.3d 847, 857 (7th Cir.

- 5 -

1994) (deciding that where one officer tackled and cuffed plaintiff quickly, another officer had no realistic opportunity to prevent attack); *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (deciding that officer was not liable for failing to intervene where "attack came quickly and was over in a matter of seconds"); and *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2nd Cir. 1988) (concluding defendant had no realistic opportunity to prevent three blows struck in rapid succession), *with Fogarty*, 523 F.3d at 1164 (deciding qualified immunity should be denied because defendant could intervene where plaintiff described arrest as lasting between three and five minutes); and *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 (11th Cir. 2000) (deciding two minutes was sufficient time for officer to intervene and order another officer to restrain police dog). Because there are insufficient facts for us to draw a reasonable inference that Officer Collins's conduct was constitutionally impermissible and because Mr. Savannah's assertion of a failure to intervene is an unsupported legal conclusion, Mr. Savannah should not have the opportunity to continue with litigation against Officer Collins. *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings consistent with this order and judgment.

Entered for the Court


Stephen H. Anderson
Circuit Judge