[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14599
_____

D.C. Docket No. 1:12-cv-04388-AT

ANTONIO IVEY,

Plaintiff-Appellee,

versus

SHELTON SMART,
in his Individual Capacity and Official Capacity
as a Police Officer for the DeKalb County,
Georgia Police Department,

Defendant-Appellant,

JERAD WHEELER, etc., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 11, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and SENTELLE,[*] Circuit Judges.

PER CURIAM:

This is a law enforcement officer's appeal from the denial of his motion for summary judgment on qualified immunity grounds.  The case involves his shooting of a burglar.  The issue that lies at the heart of this appeal is whether the evidence at this stage of the case, construed in the light most favorable to the plaintiff, presents a genuine issue about whether the shooting was intentional: could a reasonable jury find from the evidence that the shooting was intentional, as the plaintiff contends, instead of unintentional as the officer contends?  The district court found that there was a genuine issue about that, which is to say that a jury reasonably could find that the shooting was intentional.

We could review the evidence ourselves to determine if it is sufficient to put the case to the jury, but we are not required to do so.  For purposes of this interlocutory appeal only, and not for purposes of any later appeal in the case, we have discretion to accept — or, as the Supreme Court has put it, "take as given" — the district court's finding that there is sufficient evidence to get the intent issue to the jury.  See Johnson v. Jones, 515 U.S. 304, 319, 115 S. Ct. 2151, 2159 (1995) ("[T]he court of appeals can simply take, as given, the facts that the district court assumed when it denied summary judgment . . . ."); Rayburn ex rel. Rayburn v.

---

[*] Honorable David Bryan Sentelle, United States Circuit Judge for the District of Columbia Circuit, sitting by designation.

Hogue, 241 F.3d 1341, 1342 n.1 (11th Cir. 2001) ("For the purposes of this appeal, we accept the district court's determination of the facts and recite those facts as set forth in the district court's order, supplementing them with additional evidentiary findings of our own from the record where necessary."); Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir. 1996) ("In exercising our interlocutory review jurisdiction in qualified immunity cases, we are not required to make our own determination of the facts for summary judgment purposes; we have discretion to accept the district court's findings, if they are adequate.").

We exercise our discretion to accept or take as given that, as the district court determined, there is enough evidence to permit a jury to reasonably find that the shooting was intentional. And we also take as given the district court's finding that a reasonable jury could find that at the time he was shot the plaintiff had submitted and was not resisting arrest. Under those assumed facts, summary judgment was properly denied because it is clearly established law in this circuit that "a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." Saunders v. Duke, 766 F.3d 1262, 1265 (11th Cir. 2014); see also Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002); Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir. 2000); Priester v. City of Riviera Beach, 208 F.3d 919, 927 (11th Cir. 2000).

We emphasize that we are not ourselves holding that the evidence in this case actually does create a genuine issue of material fact that the shooting was intentional.  We are only assuming that the district court's determination that it does is correct.  That assumption will not apply to any future appeals in this case, including any appeal after final judgment.

**AFFIRMED.**