[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14477
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cv-00500-RBD-LRH

JOR-EL A. PIZARRO-RAMOS,

Plaintiff-Appellee,

versus

FRANK SOUZA, individually,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2021)

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Souza appeals the denial of his motion for summary judgment in this civil-rights lawsuit. Jor-El Pizarro-Ramos sued Souza under 42 U.S.C. § 1983, alleging constitutional claims for false arrest, false imprisonment, and excessive force. At summary judgment, the district court ruled that Souza was entitled to qualified immunity from most of Pizarro-Ramos's claims, but it denied qualified immunity with respect to the excessive-force claim. Souza raises two arguments on appeal. First, he argues that the district court improperly denied qualified immunity from the excessive-force claim based on a 2019 decision that had not been issued when the arrest in dispute occurred. Second, he argues that, even if that 2019 decision had been binding law at the time, his actions still did not violate Pizarro-Ramos's clearly established constitutional rights. For the following reasons, we agree with Souza and will reverse.

We assume that the parties are well-acquainted with the record in this case and therefore only briefly summarize those background facts that are relevant to evaluating Pizarro-Ramos's excessive-force claim. Souza arrested Pizarro-Ramos during the course of a traffic stop in the early hours of March 17, 2015. As part of that arrest, Souza handcuffed Pizarro-Ramos, at which point Pizarro-Ramos

2

immediately and repeatedly[1] asked Souza to loosen the handcuffs because they were causing him pain. Pizarro-Ramos remained in handcuffs for over three hours until they were finally removed at the Osceola County Jail. After posting bond, Pizarro-Ramos went to the emergency room with complaints of persisting pain in his hands and wrists, and he eventually underwent surgery related to these problems. Pizarro-Ramos later filed this lawsuit against Souza, seeking compensation for his injuries.

We review *de novo* the denial of a motion for summary judgment based on qualified immunity, viewing the evidence in the light most favorable to the nonmoving party and making all reasonable inferences in that party's favor. *Salvato v. Miley*, 790 F.3d 1286, 1292 (11th Cir. 2015). Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Qualified immunity protects government officers from liability for civil damages so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Crocker v. Beatty*, 995 F.3d 1232, 1239 (11th Cir. 2021). An officer claiming to be entitled to qualified immunity bears the initial burden of establishing that he "acted within his

---

[1] Because this case comes to us at the summary-judgment stage, we credit Pizarro-Ramos's testimony that he complained about the tightness of his handcuffs multiple times—although Souza asserts that Pizarro-Ramos mentioned being in pain only once.

discretionary authority." *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009). Here, it is undisputed that Souza was acting within his discretionary authority when he arrested Pizarro-Ramos. The burden of proof therefore shifts to Pizarro-Ramos to show (1) that Souza violated one of his constitutional rights, and (2) that the violated right was "clearly established" at the time of the alleged misconduct. *Crocker*, 995 F.3d at 1239. "We may consider these two prongs in either order, and a public official is entitled to qualified immunity if the plaintiff fails to establish either one." *Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1344 (11th Cir. 2016).

"We will not consider a right to be 'clearly established' unless its contours were sufficiently clear that every reasonable officer would have understood that what he was doing violate[d] that right." *Fuqua v. Turner*, 996 F.3d 1140, 1150 (11th Cir. 2021). In an excessive-force case, a plaintiff can satisfy this standard in three ways. First, he could cite a binding precedent with "materially similar" facts, which would have placed a reasonable officer on notice that the type of force used was unlawful. *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005). Second, he could show that a "broader, clearly established principle should control the novel facts [of his] situation." *Id.* Third, and most challengingly, he could show that the defendant's conduct "was so far beyond the hazy border between excessive and acceptable force that [the defendant] had to know he was violating

4

the Constitution even without caselaw on point." *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000).

Regardless of which method the plaintiff chooses to attempt, we ultimately must determine in every case whether "the state of the law on the date of the alleged misconduct" gave the defendant "fair warning" that his actions were unconstitutional. *Hardigree v. Lofton*, 992 F.3d 1216, 1224 (11th Cir. 2021). Consequently, decisions issued after the events in dispute occurred cannot clearly establish the law for purposes of overcoming qualified immunity. *See Terrell v. Smith*, 668 F.3d 1244, 1256 n.5 (11th Cir. 2012); *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1400 n.9 (11th Cir. 1994).

Pizarro-Ramos has not identified any precedent with "materially similar" facts that would have given notice to Souza that his conduct violated the Constitution. He cites only one case in which we have held that a handcuffing, without more, rose to the level of excessive force. *See Sebastian v. Ortiz*, 918 F.3d 1301 (11th Cir. 2019). But because that case had yet to be decided when Souza's alleged misconduct occurred in 2015, it could not have clearly established the law at that time or provided Souza "fair warning" that his use of force was unlawful. *See Terrell*, 668 F.3d at 1256 n.5.

Pizarro-Ramos also has not pointed to any "broader, clearly established principle" of constitutional law that would have applied to the facts of his situation.

5

Once again, Pizarro-Ramos relies entirely on *Sebastian* to show that the unconstitutionality of Souza's actions was clearly established in 2015. For the reasons discussed above, that 2019 case is irrelevant to the issue of Souza's qualified immunity.

Finally, we readily conclude that Souza's conduct did not fall "so far beyond the hazy border between excessive and acceptable force" that qualified immunity must be denied even in the absence of prior caselaw. On the contrary, this Court has indicated numerous times that the use of handcuffs, standing alone, generally does not constitute excessive force. *See Huebner v. Bradshaw*, 935 F.3d 1183, 1191 (11th Cir. 2019) ("[W]e have repeatedly held that painful handcuffing alone doesn't constitute excessive force."). And even in *Sebastian*, we took care to explain that our holding was grounded in "[t]he peculiar facts of [that] case, not least the reapplication of excessively tightened cuffs <u>after</u> [the plaintiff] first complained," and we emphasized that "only the most exceptional circumstances will permit an excessive force claim on the basis of handcuffing alone." 918 F.3d at 1312 (emphasis in original). In our view, the circumstances of this case were not so extreme that, notwithstanding the lack of precedent on point, any reasonable officer in Souza's position should have known that his actions were unconstitutional.

6

For the foregoing reasons, we hold that Pizarro-Ramos has failed to meet his burden of showing that Souza violated his clearly established rights. Accordingly, we reverse the ruling of the district court and remand with instructions to enter summary judgment in Souza's favor on the excessive-force claim.[2]

**REVERSED AND REMANDED.**

---

[2]   In light of our holding, we need not address Souza's second argument on appeal—i.e., that even if Sebastian had been issued in time to fairly warn Souza, his actions would not have violated clearly established constitutional rights.

7