[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11800
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:08-cv-00250-WTM-GRS

DAVID DWAYNE CASSADY,

Plaintiff-Appellee,

versus

JAMES E. DONALD,
COMMISSIONER,
GEORGIA DEPARTMENT OF CORRECTIONS,
WARDEN,
COASTAL STATE PRISON,
DEPUTY WARDENS,
COASTAL STATE PRISON,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 25, 2011)

Before EDMONDSON, MARTIN  and KRAVITCH, Circuit Judges.

PER CURIAM:

James Donald, the former Commissioner of the Georgia Department of Corrections; the current Commissioner of that entity; and the Warden and two Deputy Wardens of Coastal State Prison (collectively "Prison Officials") appeal the district court's denial of their motion for summary judgment on David Dwayne Cassady's 42 U.S.C. § 1983 claim. In that claim, Cassady alleged that the Prison Officials were deliberately indifferent to his serious medical needs by continually exposing him to high levels of second-hand tobacco smoke in violation of the Eighth Amendment. In their summary judgment motion, the Prison Officials argued that they were entitled to qualified immunity on Cassady's claim. The district court concluded that the Prison Officials were not entitled to summary judgment on the basis of qualified immunity. After thorough review, we affirm.

The Prison Officials argue that the district court erred in finding that they were not entitled to qualified immunity. "We review de novo the denial of a motion for summary judgment based on qualified immunity." Roberts v. Spielman, 643 F.3d 899, 902 (11th Cir. 2011) (quotation marks omitted). "We view the facts in the light most favorable to [Cassady], drawing all reasonable inferences in [his] favor." Id. (quotation marks omitted). We then determine "whether the defendant is entitled to qualified immunity under that version of the

2

facts." Bashir v. Rockdale Cnty., Ga., 445 F.3d 1323, 1327 (11th Cir. 2006) (quotation marks omitted). Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We must consider "(1) if the facts, construed in the light most favorable to the plaintiff, show that a constitutional right has been violated; and (2) whether the right violated was clearly established." Roberts, 643 F.3d at 904 (quotation marks omitted). "Both elements of this test must be satisfied for an official to lose qualified immunity." Id. (quotation marks omitted); see also Pearson v. Callahan, 555 U.S. 223, 232, 129 S. Ct. 808, 815–16 (2009).

To establish a violation of the Eighth Amendment due to exposure to second-hand smoke, or environmental tobacco smoke ("ETS"), a prisoner must show that the defendants have, "with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481 (1993). To establish deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of harm; (2) disregard of that risk; and (3) [c]onduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). The prisoner must establish that "he himself is being

exposed to unreasonably high levels of ETS" (the objective element) and "that prison authorities demonstrated a 'deliberate indifference to his plight'" (the subjective element). Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005).

Genuine issues of material fact preclude summary judgment for the Prison Officials on the issue of whether their alleged conduct violated Cassady's constitutional rights. Cassady established that he was exposed to unreasonable levels of second-hand smoke.[1] Cassady averred in his verified complaint and submitted evidence in support thereof that while he was an inmate at Coastal State Prison, inmates routinely smoked in common areas indoors and that the Prison Officials "knew [his] roommate was a chronic smoker, who smoked (4) packs of cigarettes in the [cell he shared with Cassady] daily." See Helling, 509 U.S. at 28, 35-36, 113 S. Ct. at 2478, 2481-82 (holding that plaintiff stated a valid Eighth Amendment claim on which relief could be granted when he alleged that he was assigned to a cell with another inmate who smoked five packs of cigarettes a day); see also Atkinson v. Taylor, 316 F.3d 257, 268 (3d Cir. 2003) (denying qualified

---

[1] "When we review a district court's denial of a defendant's motion for summary judgment on qualified immunity grounds, we take the 'facts' in the light most favorable to the plaintiff and determine the legal issue of whether the plaintiff's 'facts', if proven, show that the defendant violated clearly established law. We, however, have repeatedly stressed that the 'facts', as accepted at the summary judgment stage of the proceedings, may not be the 'actual' facts of the case." Priester v. City of Rivera Beach, Fla., 208 F.3d 919, 926 n.3 (11th Cir. 2000) (internal citation omitted). So, when we say Cassady has "established" an element of his claim, that element is "established" only for the present, summary judgment purposes.

immunity when inmate alleged that he was "exposed, with deliberate indifference, to constant smoking in his cell for over seven months").

Cassady's evidence at summary judgment also established that the Prison Officials were deliberately indifferent to his exposure to unreasonable levels of second-hand smoke. Inmates submitted affidavits stating that they routinely smoked indoors but prison officials never punished them for doing so. In addition, although the prison sold cigarettes and made lighters accessible to the inmates, the inmates swore in affidavits that the Prison Officials never allowed them to take outdoor smoke breaks. Other inmates swore that indoor smoking was a daily occurrence but that they had never witnessed a prison official disciplining an inmate for smoking indoors. Although during the approximately five months in which Cassady resided in that prison, the Prison Officials wrote eighty-seven disciplinary reports for indoor smoking, numerous affidavits from inmates in the record support Cassady's allegation that many inmates frequently violated the policy against indoor smoking with impunity.

Cassady also submitted sufficient evidence to establish that the Prison Officials were subjectively aware of his exposure to unreasonable levels of second-hand smoke and the health risks associated with such exposure. Cassady wrote letters, filed grievances, and spoke with the Prison Officials to inform them

of his exposure to second-hand smoke and his concerns of the negative effect on his health. Cassady also gave the Prison Officials reports, including one from the Surgeon General, which concluded that second-hand smoke is harmful and causes lung cancer and coronary artery disease.

Further, Cassady submitted evidence that he was particularly susceptible to second-hand smoke because of his asthma, or reactive airway disease. The Prison Officials conceded at summary judgment that "ETS can trigger asthmatic episodes by irritating chronically inflamed bronchial passages of people with asthma."

Finally, we reject the Prison Officials' argument that it is not clearly established that their alleged conduct exposing Cassady to ETS would violate the Eighth Amendment. "In determining whether a constitutional right was clearly established at the time of violation, the relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Roberts, 643 F.3d at 904–05 (quotation marks omitted). Both the Supreme Court and this Court have held that a prisoner can state a cause of action under the Eighth Amendment for exposure to second-hand smoke by "alleging that prison officials have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." Kelley, 400 F.3d at 1284 (quoting Helling, 509 U.S. at 35, 113 S. Ct.

2475).  Moreover, in <u>Kelley</u> we observed that the Supreme Court has "directly addressed" and "provided clear guidance" on Eighth Amendment claims based on exposure to second-hand smoke.  <u>See</u> 400 F.3d at 1284.  We applied that guidance in <u>Kelley</u>, in which we held that the district court properly granted summary judgment when, unlike in <u>Helling</u>, the inmate did not allege that his cellmate was a smoker; inmates were allowed to take outdoor smoke breaks every two hours; and under the facility's policy against indoor smoking, any inmate caught smoking inside would be disciplined.  <u>Id.</u> at 1285.  In <u>Kelley</u>, the only evidence the inmate provided was "personal observations of smoke inside the prison" and his personal opinion that the ventilation in the prison was inadequate.  <u>Id.</u>

In contrast, here Cassady submitted multiple affidavits from other inmates to corroborate his allegations that: his cellmate smokes heavily in his cell on a daily basis; inmates frequently smoke indoors; the prison does not allow outdoor smoke breaks; and prison officials do not punish all inmates they catch smoking indoors.[2]  We therefore conclude that Cassady established that the Prison

_____

[2]  The Prison Officials argue that they are entitled to qualified immunity on Cassady's claim because Cassady at times purchased cigarettes from the prison on behalf of other inmates, including his cellmate.  The fact that Cassady allegedly purchased cigarettes for other inmates does not change the facts pertinent to our analysis.  It does not alter the fact that Cassady was exposed to high levels of second-hand, indoor smoke while incarcerated and unable to leave the prison nor the fact that Prison Officials were aware that inmates smoked indoors and did not always punish inmates for doing so.  <u>See</u> <u>Helling</u>, 509 U.S. at 35, 113 S. Ct. at 2481 (explaining that for an Eighth Amendment ETS claim, a prisoner must show that the defendants have "with

Officials' conduct violated his clearly established rights under the Eighth Amendment.

For these reasons, we affirm the district court's denial of the Prison Officials' motion for summary judgment on the basis of qualified immunity.[3]

AFFIRMED.

---

deliberate indifference, exposed him to levels of ETS that pose and unreasonable risk of serious damage to his future health"); accord Kelley, 400 F.3d at 1284.

[3] We need not address the Prison Officials' argument that they established that they were acting within their discretionary authority. Even if the Prison Officials established before the district court that they were acting within their discretionary authority, we affirm the district court's denial of summary judgment on the basis that Cassady established that the Prison Officials violated his clearly established rights under the Eighth Amendment.