[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11226
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-04426-TWT

MONIQUE WILKERSON,

Plaintiff-Appellee,

versus

THEDIOUS SEYMOUR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 10, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

The question in this appeal is whether DeKalb County police officer

Thedious Seymour ("Officer Seymour") is entitled to judgment as a matter of law

on the basis of qualified immunity, following a jury verdict in favor of Monique Wilkerson on her 42 U.S.C. § 1983 claim that she was falsely arrested without probable cause in violation of the Fourth Amendment.  We conclude that he is not entitled to qualified immunity and therefore affirm.

Wilkerson brought this lawsuit after Officer Seymour arrested her in the parking lot of a sports bar following an argument between the two about whether Wilkerson should be required to move her lawfully parked car.  Officer Seymour moved for summary judgment, claiming that he was entitled to qualified immunity. He asserted that he had at least arguable probable cause to believe that Wilkerson violated a disorderly conduct ordinance, Code of Dekalb County § 16-58, which provides,

> (a)  It shall be unlawful for any person to act in a loud and boisterous, reckless, unruly or violent manner for the purpose of insulting, degrading, or inciting another or a group of individuals in a public place.

> (b)  It is not the intent of this section to restrict any individual's right to free speech.

The district court denied Officer Seymour qualified immunity at summary judgment, and we affirmed that ruling on appeal.  *Wilkerson v. Seymour*, 736 F.3d 974, 978-79 (11th Cir. 2013).  We concluded that material facts were in dispute, including whether Wilkerson acted "for the purpose of insulting, degrading, or inciting another or a group of individuals."  *Id.* at 979.  We specifically noted that

2

"Officer Seymour acknowledges that the presence of a crowd was not mentioned in his police report, and Wilkerson continues to contest that others were present," *id.* at 979, having denied "that she spoke to anyone other than Officer Seymour prior to her arrest, or that there were other people around them during her interaction with Officer Seymour," *id.* at 976-77.

The case was tried before a federal jury, which returned a verdict in favor of Wilkerson. At trial, Officer Seymour moved for judgment as a matter of law, Fed. R. Civ. P. 50(a), both at the close of Wilkerson's case-in-chief and at the close of all the evidence, again asserting the defense of qualified immunity. The district court denied both motions. Following entry of judgment pursuant to the jury verdict, Officer Seymour filed a renewed motion for judgment as a matter of law, or in the alternative, for a new trial, under Fed. R. Civ. P. 50(b). The district court denied the Rule 50(b) motion, concluding that, "when the facts are viewed in the light most favorable to Ms. Wilkerson, her language did not violate the ordinance since her language was neither insulting nor degrading and no one could conclude that her conversation was done for the purpose of inciting others."

Officer Seymour now brings this appeal from the denial of his renewed motion for judgment as a matter of law. He argues that he is entitled to qualified immunity based on the trial testimony of Wilkerson's friend, Christopher Price. According to Officer Seymour, Price's testimony was not before the district court

3

at summary judgment, and it establishes that other people were in the parking lot of the sports bar at the time of the altercation. This additional fact, Officer Seymour claims, was the missing link in the chain of qualified-immunity protection.

When, as here, the affirmative defense of qualified immunity has been properly pled and preserved at trial through a Rule 50 motion, "a defendant is entitled to renew a motion for judgment as a matter of law on the basis of qualified immunity."[1] *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 925-26 (11th Cir. 2000); *see Cottrell v. Caldwell*, 85 F.3d 1480, 1487-88 (11th Cir. 1996). We review *de novo* a district court's denial of a motion for judgment as a matter of law, viewing the evidence in the light most favorable to the non-moving party— here, Wilkerson. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1242 (11th Cir. 2010). "The motion should be granted only when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for [her] on a material element of [her] cause of action." *Id.* (internal quotation marks omitted).

Because this case was fully tried and no special interrogatories were used, "we must resolve all disputed factual issues for the question of qualified immunity by viewing the evidence in the light most favorable to Plaintiff." *Priester*, 208

---

[1] A party may not, however, directly appeal from the denial of a motion for summary judgment based on qualified immunity after an unfavorable jury verdict. *Ortiz v. Jordan*, 562 U.S. 180, 189-92, 131 S. Ct. 884, 891-93 (2011).

F.3d at 925-26 n.3.  In other words, we are bound by the jury's implicit factual findings as discernible from the verdict.  *See id.*

We "have repeatedly stressed that the 'facts', as accepted at the summary judgment stage of the proceedings, may not be the 'actual' facts of the case." *Priester*, 208 F.3d at 925-26 n.3.  "Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-judgment motion." *Ortiz v. Jordan*, 562 U.S. 180, 184, 131 S. Ct. 884, 889 (2011). The defense of qualified immunity may still be raised at trial, "but at that stage, the defense must be evaluated in light of the character and quality of the evidence received in court."[2]  *Id.*

Nonetheless, our previous opinion on summary judgment is instructive in this case.  The only factual difference Officer Seymour identifies between, on the one hand, the facts this Court relied upon in affirming the denial of qualified immunity at summary judgment, and, on the other hand, the facts presented to the jury, is the trial testimony of Price, who was at the sports bar on the night in question and whose testimony arguably indicated that he and others were in the parking lot at the time of the altercation between Wilkerson and Officer Seymour. We disagree that Price's testimony changes the result for two main reasons.

---

[2] For that reason, Officer Seymour's apparent suggestion that we may conduct a *de novo* review of the entire record and evaluate his qualified-immunity defense in light of deposition testimony or other materials not presented at trial is meritless.

First, we agree that Price's testimony may show that there were in fact others, including himself, in the parking lot during the altercation. But it does not show that Officer Seymour was aware of Price or others in the parking lot before he arrested Wilkerson. *See Jones v. Cannon*, 174 F.3d 1271, 1283 n.4 (11th Cir. 1999) ("[W]hat counts for qualified immunity purposes relating to probable cause to arrest is the information known to the defendant officers or officials at the time of their conduct, not the facts known to the plaintiff then or those known to a court later.").

Second, and more important, Price's testimony, assuming both that it is inconsistent with Wilkerson's testimony and that the presence of others is critical to the qualified-immunity question, did no more than present a factual dispute for resolution by the jury. It did not "establish" or "confirm" the presence of others, as Officer Seymour claims, because, just as she did at summary judgment, Wilkerson at trial denied "that she spoke to anyone other than Officer Seymour prior to her arrest, or that there were other people around them during her interaction with Officer Seymour." *Wilkerson*, 736 F.3d at 976-77. Specifically, Wilkerson testified at trial in relevant part as follows:

> Q.    Did you talk to anyone else while you were out there? In other words, from the time you walked out until you were placed under arrest, did you have a conversation with anybody else?

> A.    No, sir.  There was no one else around.  He was
> the only person behind my vehicle, and there was
> no one else there.

Because we resolve "all disputed factual issues for the question of qualified immunity by viewing the evidence in the light most favorable to Plaintiff," we must accept the jury's implicit crediting of Wilkerson's testimony over Price's testimony because it is consistent with the verdict.[3] *See Priester*, 208 F.3d at 925-26 n.3.   Based on Wilkerson's testimony, as we recognized in our previous decision, *Wilkerson*, 736 F.3d at 978-79, the jury could have found that no reasonable officer could have believed that there was probable cause to arrest Wilkerson for violating Code of Dekalb County § 16-58.

In any case, even if we accept Officer Seymour's contention at least one other person (Price) and possibly more were outside the sports bar at the time of the altercation, he still is not entitled to qualified immunity.  In his briefing on appeal, Officer Seymour contends that the presence of others is dispositive of the question of whether Wilkerson acted "for the purpose of insulting, degrading, or inciting another or a group of individuals."[4]  But he wholly fails to articulate a basis for concluding that Wilkerson acted with the intent to insult, degrade, or incite those other persons.

---

[3] Whether Wilkerson's testimony could be interpreted differently, as Officer Seymour contends, is irrelevant.

[4] Officer Seymour does not contend that he was the person being insulted, degraded, or incited.

7

We agree with the district court that, viewing the evidence in Wilkerson's favor, "her language did not violate the ordinance since her language was neither insulting nor degrading and no one could conclude that her conversation was done for the purpose of inciting others." Wilkerson testified that she did not resist or fight Officer Seymour in any way, she did not call him any names, and she did not talk to anyone else or call anyone for help before her arrest. Rather, during the brief altercation, Wilkerson asked Officer Seymour why she was being forced to move her car, told him that it was not right, and then demanded his name and badge number and told him she was going to report him. She was then arrested. This testimony was sufficient for the jury to conclude that no reasonable officer could believe that Wilkerson acted "for the purpose of insulting, degrading, or inciting another or a group of individuals in a public place." *See Howard*, 605 F.3d at 1242.

In sum, we affirm the district court's denial of Officer Seymour's Rule 50(b) motion for judgment as a matter of law on the basis of qualified immunity.[5]

**AFFIRMED.**

---

[5] To the extent Officer Seymour claims the verdict was based on an unlawful jury compromise, he has not developed this contention on appeal with any specificity or legal argument. Therefore, we consider it to be abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).