**NOT FOR PUBLICATION**

## In the

## United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-13448

Non-Argument Calendar

————————————

KENNETH BAILEY,

*Plaintiff-Appellee,*

*versus*

SHAWN T. SWINDELL,

in his individual capacity,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:15-cv-00390-MCR-HTC

————————————

Before JORDAN, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Appellant Shawn Swindell appeals the district court's order adopting the magistrate judge's report and recommendation and

awarding $759,745 in attorneys' fees and $33,000 in non-taxable costs to Appellee Kenneth Bailey.  On appeal, Swindell contends the district court abused its discretion by awarding prevailing party fees to Bailey for legal work performed on the first of two trials in this case.  After careful review, we affirm.

## I.    FACTUAL AND PROCEDURAL HISTORY

This appeal stems from a September 11, 2014 encounter between Bailey and Swindell, a deputy sheriff with the Santa Rosa County Sheriff's Office.  Swindell had traveled to Bailey's parents' residence, where Bailey was living at the time, to investigate a report of a verbal altercation earlier that day between Bailey and his estranged wife.  Although Bailey readily came onto the front porch to speak with Swindell, he refused to walk to Swindell's car for a private conversation.  After further discussion, Bailey turned to reenter the house.  But as Bailey stepped through the doorway, Swindell tackled him onto the living room floor and arrested him after a struggle.

In July 2015, Bailey filed suit against Swindell and other defendants in state court.  Of his eleven claims, Bailey alleged two Fourth Amendment claims against Swindell, pursuant to 42 U.S.C. § 1983, for false arrest and for excessive force.[1]  The case was removed to the Northern District of Florida on September 2, 2015.  On April 19, 2017, the district court granted summary judgment to Swindell on the false arrest claim but denied it on the excessive

---

[1] The § 1983 claim for excessive force was pleaded in the alternative.

force claim.  In July 2018, that remaining claim was tried in a four-day trial and resulted in a jury verdict in favor of Swindell.[2]  According to Bailey's billing records, his attorneys spent 257.4 hours preparing for and litigating this trial.  The district court entered a final judgment for Swindell and against Bailey on July 27, 2018.

On August 21, 2018, Bailey commenced an appeal, not on the jury verdict on the excessive force claim, but on the district court's grant of summary judgment on the false arrest claim.  We reversed and remanded for further proceedings, concluding that, even if Swindell had probable cause to arrest Bailey, he had "crossed what has been called a 'firm' and 'bright' constitutional line, and thereby violated the Fourth Amendment, when he stepped over the doorstep of Bailey's parents' home to make a warrantless arrest."  *Bailey v. Swindell*, 940 F.3d 1295, 1298 (11th Cir. 2019).

On remand, in June 2021, a second four-day trial was held on the false arrest claim.  That jury concluded that: (1) Swindell had reasonable suspicion to detain Bailey for a law enforcement investigation; (2) Swindell had probable cause to arrest Bailey for "knowingly resisting, obstructing, or opposing a law enforcement officer who was engaged in the lawful execution of a legal duty[]"; (3) the

---

[2] The sole question presented to the jury was: "Do you find from a preponderance of the evidence that Deputy Shawn T. Swindell intentionally committed acts that violated Kenneth Bailey's right to be free from the use of excessive or unreasonable force during an arrest?"  The jury was advised that, for the purposes of the excessive force claim at issue, the jury had to accept that Swindell's directives to and subsequent arrest of Bailey were lawful.

arrest was initiated outside the home; (4) no exigent circumstances justified Swindell's entry into the home without a warrant; (5) Swindell caused Bailey's injuries; and (6) $625,000 in compensatory damages should be awarded to Bailey.

Swindell then moved for a post-trial judgment as a matter of law, arguing there was "no constitutional violation based on the law clearly established at the time" and that the jury's verdict compelled both "a finding that Swindell is entitled to qualified immunity as a matter of law" and a judgment in Swindell's favor. The district court granted Swindell's motion, finding that Swindell was entitled to qualified immunity on Bailey's false arrest claim, because "there was no clearly established law" on the date of the incident that "initiating a warrantless but lawful misdemeanor arrest outside a home" did not "constitute exigent circumstances justifying a warrantless entry into the home to arrest Bailey."

Bailey appealed the district court's ruling, and we reversed and remanded to reinstate the jury's verdict. *Bailey v. Swindell*, 89 F.4th 1324, 1332 (11th Cir. 2024). We held that Swindell was not entitled to qualified immunity, since "the law on this question is clearly established and gave Swindell fair warning that his treatment of Bailey was unconstitutional." *Id.*

Swindell filed a petition for panel or en banc rehearing, which we denied. *Bailey v. Swindell*, 21-14454, at *2 (11th Cir. Mar. 6, 2024). Swindell also filed a post-remand motion for remittitur. The district court denied that motion, since we had "plainly rejected the merits of that argument" in our opinion for the second

appeal.  *See Bailey*, 89 F.4th at 1332, n.6.  Then, Swindell filed a petition for writ of certiorari with the Supreme Court, which was denied.  *Bailey*, 89 F.4th at 1332, *cert. denied*, 2024 WL 4426642 (Oct. 7, 2024).  Following the denial of certiorari at the Supreme Court, the district court reinstated the jury's verdict and directed the clerk to enter judgment in favor of Bailey and against Swindell in the amount of $625,000.00, consistent with the verdict and with costs to be taxed against Swindell.

Bailey moved for a determination of his entitlement to attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.[3]  Given Bailey had "ultimately prevailed in full on his Section 1983 claim that Swindell violated his Fourth Amendment rights by wrongfully arresting him inside the home without a warrant or exigent circumstances," the district court found Bailey to be "entitled to an award of reasonable attorney's fees," including appellate fees and non-taxable costs.  The district court described the litigation as "labor-intensive" and noted that Bailey had "obtained a sizeable jury verdict for damages on the merits at trial and also prevailed in two appeals."  Hence, Bailey then filed a motion for $805,082.50 in attorneys' fees.  Swindell filed a response in opposition to Bailey's motion, arguing that Bailey's hours and hourly rate claimed by appellate counsel were unreasonable; that Bailey could not recover attorneys' fees for his unsuccessful first trial on the excessive force

---

[3] Swindell did not respond in opposition to Bailey's motion.

6                          Opinion of the Court                    25-10546

claim; and that the remainder of hours expended at the trial level was unreasonable.

On June 10, 2025, the magistrate judge issued a Report and Recommendation ("R&R"), recommending that Bailey's motion for attorneys' fees be granted to reflect work for 1,844.4 hours, including the first trial in its entirety. The R&R noted Bailey's success on his § 1983 claim[4] and with "overturning two judgments in the same case." Further, the R&R considered Swindell's interpretation of the dynamic between Bailey's excessive force and false arrest claims to be "exceedingly narrow." The magistrate judge reasoned that both claims were "related[,]" as they "involved a common core of facts" and Bailey "could not tell the use of force story without also telling the arrest story." The R&R thus advised that Bailey be awarded $759,745 in attorneys' fees and $33,000 in non-taxable costs. Swindell objected to the R&R, taking issue with the hours Bailey claimed and the hourly rate for Bailey's appellate counsel, and asserting that hours spent "litigating the first trial are largely noncompensable[.]"

On September 3, 2025, the district court adopted the R&R, finding that "the amount claimed overall for 9 years of litigation, two trials, and two appeals, as well as various pretrial and post-trial

---

[4] Drawing on the district court's order finding Bailey was entitled to attorneys' fees, the magistrate judge stated Bailey had "succeeded on the substantive issues" and "'ultimately prevailed in full.'"

disputes" to be reasonable.  The district court awarded Bailey $759,745 in attorneys' fees and $33,000 in non-taxable costs.

Swindell timely filed the present appeal.

## II.    STANDARD OF REVIEW

We review an award of attorneys' fees under the abuse of discretion standard.  *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 717 (11th Cir. 2002) (citing *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1491 (11th Cir. 1994)).  Evaluation of the "interrelatedness of several claims within a single lawsuit, and of the legal work done on those claims," is subject to appellate review for abuse of discretion.  *Hensley v. Eckerhart*, 461 U.S. 424, 453–54 (1983).

An abuse of discretion occurs if the trial court "'fail[ed] to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'"  *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1039 (11th Cir. 2010) (citing *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).  An abuse of discretion also occurs "when a district court commits a clear error of judgment."  *Id.* (citing *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)).  This standard "usually implies a range of choices . . . and often we will affirm even though we would have decided the other way if it had been our choice."  *Id.* (citations omitted).

## III.    ANALYSIS

On appeal, Swindell maintains that the district court abused its discretion by awarding attorneys' fees to Bailey for work

performed for the first trial.  From a practical standpoint, Swindell seeks to reduce the total number of compensable hours from 1,844.4 to 1,587, with 257.4 hours devoted to the first trial.  But we are not persuaded.

Section 1988 allows for an award of attorneys' fees to the prevailing party in a § 1983 proceeding.  42 U.S.C. § 1988(b).  But determining that a plaintiff prevailed "brings the plaintiff only across the statutory threshold."  *Hensley*, 461 U.S. at 433.  The district court must then consider "what fee is 'reasonable.'"  *Id.*  There is "no precise rule or formula for making these determinations." *Id.* at 436.  The district court has "wide discretion in exercising its judgment on the appropriate fee based on its own expertise, [even as] that discretion is not without limits."  *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1304 (1988).

The typical starting point for calculating a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  This, however, does not "end the inquiry," as the district court "may" adjust the fee based on the "'results obtained.'"  *Id.* at 434.  This consideration is crucial "where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims[.]"  *Id.* Where the successful and the unsuccessful claims were "'distinctly different claims . . . based on different facts and legal theories,' the court cannot award any fee for services on the unsuccessful claims."  *Popham v. City of Kennesaw*, 820 F.2d 1570, 1578 (11th Cir. 1987) (quoting *Hensley*, 461 U.S. at 434–35).  But if the two

categories of claims "'involve a common core of facts' or are 'based on related legal theories,' the court must compare the plaintiff's overall relief with the number of hours reasonably expended on the litigation." *Id.* (quoting *Hensley*, 461 U.S. at 435).

Bailey's excessive force and false arrest claims relied on the same nucleus of facts, since they both concerned Swindell's conduct towards Bailey during the September 11, 2014 altercation. Indeed, his excessive force claim centered on "the force [Swindell] used" when arresting Bailey. Bailey thus "could not tell the use of force story without also telling the arrest story[,]" as the magistrate judge aptly observed. So, we cannot agree with Swindell's view that the two claims were "'distinct in all respects[.]'" *See also Popham*, 820 F.2d at 1574 (noting courts have "expansively treated claims as being related").

We thus must consider the "significance of the overall relief obtained" by Bailey. *Hensley*, 461 U.S. at 435. A plaintiff that obtains "'excellent results'" should be fully compensated, but when one obtains "only 'partial or limited success,'" the court "may reduce the lodestar amount if it believes that amount is excessive in relation to the plaintiff's relief." *Popham*, 820 F.2d at 1578–79 (quoting *Hensley*, 461 U.S. at 435). *See also Hensley*, 461 U.S. at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.").

Here, after nearly a decade of litigation, including two trials and two appeals, Bailey secured an "overall excellent result."[5] Despite the outcome of the first trial, his success was not "partial or limited." Bailey's excessive force claim had been plead in the alternative, and the jury's verdict on the false arrest claim, together with its damages award, afforded the relief Bailey's counsel had sought when they brought this case. Moreover, as we explained in the second appeal, the jury's verdict on the false arrest claim established that Swindell was liable "for any and all reasonably foreseeable damages caused by his unlawful entry[,]" necessarily including those from his use of force. *Swindell*, 89 F.4th at 1332, n.6; *see Turner v. Jones*, 415 Fed. App'x 196, 201 (11th Cir. 2011). Because we discern no abuse of discretion in the district court's thorough reasoning, we defer to its "superior understanding of the litigation" and resulting fee calculation. *Cullens v. Ga. Dep't Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994); *see also Norman*, 836 F.2d at 1304.

## IV.    CONCLUSION

For the reasons discussed, we conclude that the district court did not abuse its discretion in its award of attorneys' fees and

---

[5] Courts also evaluate the "public benefit" when awarding attorneys' fees under § 1988. *Popham*, 820 F.2d at 1580 (citing *City of Riverside v. Rivera*, 477 U.S. 561 (1986) (plurality)). The magistrate judge recognized that this litigation amounted to two published Eleventh Circuit opinions that "reinforced the public's right to be free from a warrantless arrest inside their home absent exigent circumstances."

25-10546                 Opinion of the Court                 11

non-taxable costs to Bailey, and thus, we affirm the district court's order.

**AFFIRMED.**